IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CHASE,

    Petitioner,

v.                                                                         No. CV 14-0859 MV/KBM

GREGG MARCANTEL
N.M. SECRETARY OF CORRECTIONS,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).   The Court will grant the application and dismiss the petition as an unauthorized second or successive petition.

Petitioner's petition raises the single claim that his attorney provided ineffective assistance in a state court criminal proceeding by advising Petitioner to accept a plea offer from the district attorney.  In a previous § 2254 proceeding, *Chase v. Secretary Dept. of Corrections*, No. CV 08-0377 JC/ACT, Petitioner attacked the same conviction that is the subject of this proceeding. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records).  In the earlier case, Petitioner asserted a number of claims of constitutional error in his state court trial and sentencing.  One of the claims was for his attorney's ineffective assistance in advising Petitioner to accept a plea offer.  On July 28, 2009, the Court dismissed the previous petition with prejudice on the merits.  The current petition again attacks Petitioner's 2006 conviction and is thus his second petition.  *See, e.g., In re Rains*, 659 F.3d 1274,

1275 (10th Cir. 2011).

After the Court dismissed Petitioner's first petition, the United States Supreme Court ruled in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), that an attorney had provided ineffective assistance and prejudiced his client by relying on an incorrect legal rule in advising him to reject a plea deal. *See* 132 S. Ct. at 1384, 1391.  Petitioner now brings a new § 2254 petition asserting that the *Lafler* decision announced a new rule of law.  He contends that, according to 28 U.S.C. § 2244(b)(2)(A), the *Lafler* decision allows the Court to revisit the issue of ineffective assistance of counsel in a second or successive petition.

As a threshold matter, the petition is not accompanied by an authorizing order from the Court of Appeals for the Tenth Circuit, as required by § 2244(b)(3)(A).  "The point is that § 2244(b) authorization is required whenever *substantively* new claims are raised." *Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007).  "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.

Primary among the factors that the Court must consider in deciding whether to transfer or dismiss the petition is whether Petitioner's claims "are likely to have merit." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006), *quoted in Cline*, 531 F.3d at 1252.  Here, the *Lafler* decision did not announce a new rule and thus does not apply retroactively to Petitioner's conviction.  *See In re Graham*, 714 F.3d 1181, 1182 (10th Cir. 2013) ("To date, however, every circuit court to consider the question has held that *Frye* and *Lafler* do not establish a new rule of

constitutional law.") (ruling in a § 2255 proceeding). Petitioner's assertion that "*Lafler* invited successive petitions" is thus erroneous, and his claims are not "likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16. The Court will dismiss the petition for lack of jurisdiction.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE